IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MONTEZ MORTON<br>643 Lincoln Boulevard<br>Bedford, Ohio 44146 | )<br>)<br>) | CASE NO. |
| | ) | JUDGE: |
| Plaintiff, | )<br>) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND REINSTATEMENT** |
| THE GREATER CLEVELAND REGIONAL | ) | |
| TRANSIT AUTHORITY | ) | **JURY DEMAND ENDORSED** |
| 1240 West 6th Street | ) | **HEREIN** |
| Cleveland, Ohio 44113 | ) | |
| | ) | |
| **Serve also:** | ) | |
| National General Management Corp. | ) | |
| c/o Corporation Service Company | ) | |
| 50 West Broad Street, Suite 1330 | ) | |
| Columbus, Ohio 43215 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Montez Morton, by and through undersigned counsel, as his Complaint against

the Defendants, states and avers the following:

**PARTIES**

1. Morton is a resident of the city of Bedford, county of Cuyahoga, state of Ohio.

2. Cleveland RTA is a domestic corporation that operated a business located at 1240 West 6th

   Street, Cleveland, Ohio 44113.

3. Cleveland RTA was at all times hereinafter mentioned an employer within the meaning of 42

   U.S.C. § 2000e *et seq*.

4. Cleveland RTA was at all times hereinafter mentioned an employer within the meaning of R.C.

   § 4112.01 *et seq*.

5. Cleveland RTA was at all times hereinafter mentioned an employer within the meaning of 42 U.S.C. 126 § 12101 *et seq.*

## JURISDICTION & VENUE

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Morton is alleging a Federal Law Claim under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. 126 § 12101 *et seq.*

7. All material events alleged in this Complaint occurred in Cuyahoga County.

8. This Court has supplemental jurisdiction over Morton's state law claims pursuant to 28 U.S.C. § 1367 as Morton's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

10. Within 300 days of the conduct alleged below, Morton filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 22A-2021-01708 against Cleveland RTA.

11. On August 26, 2021, the EEOC issued and mailed a Notice of Right to Sue letter to Morton regarding the Charge of Discrimination.

12. Morton received his Right to Sue letter from the EEOC which has been attached hereto as Plaintiff's Exhibit A.

13. Morton has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

14. Morton has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

15. Morton is African American.

16. Morton is a former employee of Cleveland RTA.

17. Morton began working for Cleveland RTA on or around December 20, 2015.

18. Cleveland RTA employed Morton as a Bus Driver.

19. Morton had a strong history of performance with Cleveland RTA.

20. Morton consistently received pay raises.

21. Morton did not have any history of meaningful discipline.

22. Morton suffers from liver disease, diabetes, high blood pressure, and had 2 masses on his lungs ("Medical Conditions").

23. Morton's Medical Conditions constitute physical impairments.

24. Morton's Medical Conditions substantially impair one or more of his major life activities, including taking care of himself.

25. Morton's Medical Conditions substantially impair one or more of his major life activities, including seeing.

26. Morton's Medical Conditions substantially impair one or more of his major life activities, including working.

27. As a result of suffering from the Medical Conditions, Morton is disabled.

28. Alternatively, Cleveland RTA perceived Morton to be disabled.

29. Despite any real or perceived disability, Morton was capable of performing his essential job functions with or without reasonable accommodation(s).

30. Due to his disability, Morton's physician prescribed certain medication to treat his Medical Conditions.

31. On or around January 23, 2020, Cleveland RTA ordered Morton to take a drug test.

32. In the paperwork for the drug test, Morton disclosed the medications he took for his Medical Conditions.

33. When Morton disclosed the medications he took for his Medical Conditions, Cleveland RTA had notice of Morton's disability.

34. Despite the notice of Morton's disability, Cleveland RTA failed to engage in the interactive process to determine the need for accommodations.

35. Due to the medications he took for his Medical Conditions, Morton failed the drug test.

36. Morton provided the medical review officer for Cleveland RTA documentation from his physician showing that some of the medication that Morton took caused false positives for drug tests.

37. Despite providing documentation from his physician showing that some of the medication that Morton took caused false positives for drug tests, Cleveland RTA did not reinstate Morton's employment.

38. Morton filed a grievance through the union regarding the termination.

39. Through the grievance process, Morton got his job back at Cleveland RTA on or around April 13, 2020.

40. On or around November 2, 2020, Morton got into an altercation while he was off-duty from Cleveland RTA ("November Incident").

41. In response to the November Incident, Cleveland RTA terminated Morton's employment on or around November 19, 2020.

42. Caucasian employees had engaged in similar conduct to the November Incident and were not terminated.

43. Non-disabled employees had engaged in similar conduct to the November Incident and were not terminated.

44. Alternatively, employees Cleveland RTA did not perceive to be disabled had engaged in similar conduct to the November Incident and were not terminated.

45. Cleveland RTA terminated Morton's employment because of his race.

46. Cleveland RTA terminated Morton's employment because he is disabled.

47. Alternatively, Cleveland RTA terminated Morton's employment because they perceived him to be disabled.

48. Upon information and belief, Defendant has a progressive disciplinary policy ("Progressive Discipline Policy").

49. Defendant has used the Progressive Discipline Policy when disciplining Caucasian employees.

50. Defendant has used the Progressive Discipline Policy when disciplining non-disabled employees.

51. Alternatively, Defendant has used the Progressive Discipline Policy when disciplining employees they did not perceive to be disabled.

52. Under the Progressive Discipline Policy, Morton had not received any meaningful discipline.

53. Under the Progressive Discipline Policy, Morton had not received any verbal warnings for the November Incident.

54. Under the Progressive Discipline Policy, Morton had not received any written warnings for the November Incident.

55. Defendant skipped steps under the Progressive Discipline Policy when they terminated Morton's employment.

56. Skipping steps under the Progressive Discipline Policy is an adverse employment action.

57. Skipping steps under the Progressive Discipline Policy is an adverse action.

58. Defendant intentionally skipped steps under the Progressive Discipline Policy when they terminated Morton's employment.

59. Defendant willfully made the decision to skip steps under the Progressive Discipline Policy when they terminated Morton's employment.

60. Terminating Morton's employment was an adverse employment action.

61. Terminating Morton's employment was an adverse action.

62. Defendant intentionally terminated Morton's employment.

63. Defendant willfully made the decision to terminate Morton's employment.

64. Defendant terminated Morton's employment in violation of the Progressive Discipline Policy because of his race.

65. Defendant terminated Morton's employment in violation of the Progressive Discipline Policy because he is disabled.

66. Alternatively, Defendant terminated Morton's employment in violation of the Progressive Discipline Policy because they perceived him to be disabled.

**COUNT I: RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e** *et seq.*

67. Morton restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

68. Throughout his employment, Morton was fully competent to perform his essential job duties.

69. Cleveland RTA treated Morton differently than other similarly situated employees based on his race.

70. Cleveland RTA violated R.C. § 4112.02(A) *et seq.*by discriminating against Morton due to his race.

6

71. On or about November 19, 2020, Cleveland RTA terminated Morton because of the November Incident.

72. At all times material herein, similarly-situated non-African-American employees were not terminated for engaging in conduct similar to the November Incident.

73. Defendant terminated Morton based on his race.

74. Defendant violated R.C. § 4112.01 *et seq*. when they terminated Morton based on his race.

75. Morton suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

76. As a direct and proximate result of Defendant's conduct, Morton has suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT II: RACE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

77. Morton restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

78. Throughout his employment, Morton was fully competent to perform his essential job duties.

79. Cleveland RTA treated Morton differently than other similarly situated employees based on his race.

80. Cleveland RTA violated R.C. § 4112.02(A) *et seq.*by discriminating against Morton due to his race.

81. On or about November 19, 2020, Cleveland RTA terminated Morton because of the November Incident.

82. At all times material herein, similarly-situated non-African-American employees were not terminated for engaging in conduct similar to the November Incident.

83. Defendant terminated Morton based on his race.

84. Defendant violated R.C. § 4112.01 et. seq. when they terminated Morton based on his race.

85. Morton suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

86. As a direct and proximate result of Defendant's conduct, Morton has suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT III: DISABILITY DISCRIMINATION IN VIOLATION OF 42 U.S.C. 126 § 12101 *et seq.*

87. Morton restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

88. Morton suffers from the Medical Conditions.

89. Morton's Medical Conditions constitute physical impairments.

90. Morton's Medical Conditions substantially impair one or more of his major life activities, including taking care of himself.

91. Morton's Medical Conditions substantially impair one or more of his major life activities, including seeing.

92. Morton's Medical Conditions substantially impair one or more of his major life activities, including working.

93. As a result of suffering from the Medical Conditions, Morton is disabled.

94. Alternatively, Cleveland RTA perceived Morton to be disabled.

95. Despite any real or perceived disability, Morton was capable of performing his essential job functions with or without reasonable accommodation(s).

96. Cleveland RTA treated Morton differently than other similarly-situated employees based on his disabling condition.

97. Cleveland RTA treated Morton differently than other similarly-situated employees based on his perceived disabling condition.

98. On or about November 19, 2020, Defendant terminated Morton's employment because of the November Incident.

99. At all times material herein, similarly-situated non-disabled employees were not terminated for engaging in conduct similar to the November Incident.

100. Defendant terminated Morton's employment based his disability.

101. Alternatively, Defendant terminated Morton's employment based his perceived disability.

102. Defendant violated 42 U.S.C. 126 § 12101 *et seq.* when it discharged Morton based on his disability.

103. Alternatively, Defendant violated 42 U.S.C. 126 § 12101 *et seq.* when it discharged Morton based on his perceived disability.

104. Defendant violated 42 U.S.C. 126 § 12101 *et seq.* by discriminating against Morton based on his disabling condition.

105. Alternatively, Defendant violated 42 U.S.C. 126 § 12101 *et seq.* by discriminating against Morton based on his perceived disabling condition.

106. Morton suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to 42 U.S.C. 126 § 12101 *et seq.*

107. As a direct and proximate result of Defendant's conduct, Morton suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT IV: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.***

108. Morton restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

109. Morton suffers from the Medical Conditions.

110. Morton's Medical Conditions constitute physical impairments.

111. Morton's Medical Conditions substantially impair one or more of his major life activities, including taking care of himself.

112. Morton's Medical Conditions substantially impair one or more of his major life activities, including seeing.

113. Morton's Medical Conditions substantially impair one or more of his major life activities, including working.

114. As a result of suffering from the Medical Conditions, Morton is disabled.

115. Alternatively, Cleveland RTA perceived Morton to be disabled.

116. Despite any real or perceived disability, Morton was capable of performing his essential job functions with or without reasonable accommodation(s).

117. Defendant treated Morton differently than other similarly-situated employees based on his disabling condition.

118. Alternatively, Defendant treated Morton differently than other similarly-situated employees based on his perceived disabling condition.

119. On or about November 19, 2020, Defendant terminated Morton's employment because of the November Incident.

120. At all times material herein, similarly-situated non-disabled employees were not terminated for engaging in conduct similar to the November Incident.

121. Defendant terminated Morton's employment based his disability.

122. Alternatively, Defendant terminated Morton's employment based his perceived disability.

123. Defendant violated R.C. § 4112.01 *et seq*. when it discharged Morton based on his disability.

124. Alternatively, Defendant violated R.C. § 4112.01 *et seq*. when it discharged Morton based on his perceived disability.

125. Defendant violated R.C. § 4112.01 *et seq.* by discriminating against Morton based on his disabling condition.

126. Alternatively, Defendant violated R.C. § 4112.01 *et seq.* by discriminating against Morton based on his perceived disabling condition.

127. Morton suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

128. As a direct and proximate result of Defendant's conduct, Morton suffered and will continue to suffer damages, including economic and emotional distress damages.

## DEMAND FOR RELIEF

WHEREFORE, Morton demands from Defendant the following:

(a) Issue an order requiring Defendant to restore Morton to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Morton for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Morton's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

12

                                          Respectfully submitted,


                                          */s/ Taurean J. Shattuck*

Fred M. Bean (0086756)
Taurean J. Shattuck (0097364)
David Byrnes (0086975)
**THE SPITZ LAW FIRM, LLC**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email:  Fred.Bean@spitzlawfirm.com
           Taurean.Shattuck@spitzlawfirm.com
           David.Byrnes@spitzlawfirm.com


*Attorneys For Plaintiff*

12

13

## JURY DEMAND

Plaintiff Montez Morton demands a trial by jury by the maximum number of jurors permitted.

/s/ Taurean J. Shattuck

Fred M. Bean (0086756)
Taurean J. Shattuck (0097364)
David Byrnes (0086975)
**THE SPITZ LAW FIRM, LLC**